FIRST CITIZENS BANK, a Banking Corporation, Appellant, v. SECURITY STATE BANK, Wildrose, North Dakota, a Corporation, et al. THEODORE M. LEE and Clara Lee, Respondents.

(226 N. W. 628.)

Opinion filed August 13, 1929.

*E. J. McIlraith,* for appellant.

*E. R. Sinkler* and *G. O. Brekke,* for respondents.

BIRDZELL, J. This is an action to foreclose a real estate and chattel mortgage executed by the defendants, Theodore Lee and Clara Lee, his wife, to secure the payment of notes aggregating $2,054.40, given November 3, 1921, and payable to the First State Bank of Wildrose. The payee bank failed and in February, 1927, the receiver transferred to the plaintiff in this action the notes and securities in question. The complaint alleges renewal of the notes and chattel security. The defense set up in the answer of the debtors is that an agreement was made between the creditor-mortgagee bank and the defendants whereby the former were to assist the latter in obtaining a loan from the War Finance Corporation, which loan should take up the notes and real estate mortgage in question. The answer alleges the obtaining of the loan from the War Finance Corporation on chattel security executed by the defendants and the failure of the First State Bank of Wildrose to release and satisfy the real estate mortgage in pursuance of the agreement. The real estate mortgage in question was the second mortgage upon the homestead of the individual defendants. Upon the trial there was no dispute that the amount of the indebtedness at the time was $2,294.53 with interest, and judgment was entered for this amount; but the trial judge found that the real estate mortgage in question had been satisfied by the giving of another chattel mortgage on November 1, 1922, under an agreement whereby the real estate mortgage was to be satisfied. The plaintiff appeals from the judgment and demands a trial de novo, in addition specifying errors of law and insufficiency of the evidence. The contention of the appellant, in substance, is that the evidence is insufficient to sustain the burden resting upon the defendants to prove the affirmative defense above referred to. The question for decision, therefore, is, Does the evidence establish an agreement, executed by the defendants, whereby the real estate mortgage was to be satisfied?

According to the testimony of the defendant Theodore Lee, in the fall of 1922 the First State Bank of Wildrose desired him to take out a war finance loan that would pay the bank the amount of the loan, and an officer of the bank told him that if he did so the bank would release the mortgage on the land and return to him the original notes given in November, 1921, and the real estate mortgage; that he thereupon gave a new chattel mortgage covering additional property to that embraced in the first chattel mortgage but that the bank subsequently declined to return to him the original notes and mortgage; that at various times thereafter he renewed the chattel mortgage. The officer of the bank, Trytten, with whom Lee claims the transaction in November, 1922, was had, made a categorical denial of the agreement, but on cross-examination said he had no particular recollection of the transaction. He did not remember any conversation with Lee, but he remembered that he was in there.

There were several renewals of the original indebtedness and of the chattel mortgage but no subsequent mention of the real estate mortgage. The notes were indorsed by the bank to the War Finance Corporation, but the importance of this fact as a corroborating circumstance is minimized by the further fact that the original notes given in 1921 before the alleged agreement were likewise indorsed to the War Finance Corporation. But Lee disclaimed any knowledge of this. The findings of the trial judge clearly rest upon the testimony of the witness Lee. It is only weakly controverted in the manner above indicated by the evidence of Trytten. In such a situation the findings of the trial judge, who had the advantage of hearing the testimony and observing the witnesses, are entitled to appreciable weight. See Andersen v. Resler, 57 N. D. 655, 223 N. W. 707, where the cases so holding are collected. While the appellant contends that the testimony offered by the defendants is not sufficiently clear and convincing to sustain the burden of proof upon their affirmative defense, we are of the opinion that we would not be justified in so holding in view of a careful examination of the testimony in light of the findings of the trial court.

It follows that the judgment must be affirmed. It is so ordered.

BURKE, Ch. J., and CHRISTIANSON, NUESSLE, and BURR, JJ., concur.